# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50147 | DATE | 12/9/2003 |
| CASE TITLE | OLSON vs. NORTHERN FS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC - 9 2003 date docketed | 21 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | 12-9-03 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Charles P. Olson, brings this action against defendant, his former employer, Northern FS, Inc. under the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621 et. seq. Plaintiff alleges defendant's termination of his employment was in violation of the ADEA based upon an age-related comment directed toward him and on the fact that defendant hired a younger man to perform the job he had previously been performing. Compl. ¶¶ 13, 15. Jurisdiction is proper pursuant to 28 U.S.C. §1331, and venue in this district is appropriate pursuant to 28 U.S.C. §1391(b). Defendant moves for summary judgment pursuant to FED. R. CIV. P. 56(b).

Summary judgment is appropriate only if there remains no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of fact exists only when a reasonable finder of fact could find for the nonmoving party based on the record as a whole. Bekker v. Humana Health Plan, Inc., 229 F.3d 662, 669 (7th Cir. 2000), cert. denied, 532 U.S. 972 (2001). This court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. EEOC v. Sears, Roebuck & Co. 233 F.3d 432, 436 (7th Cir. 2000).

In his complaint, plaintiff alleges he was discharged from his employment and replaced by a "younger male employee with lesser qualifications, experience and tenure" Compl. ¶ 13. Plaintiff claims the reasons defendant gave for his discharge, cost savings and restructuring, are a pretext for illegal discrimination. Compl. ¶¶ 12, 14. Plaintiff was 59 at the time of his discharge and had been employed by defendant and its predecessors since 1960. He had worked in various sales capacities until February 2000, winning sales awards in 1996 and 1997. At that time, defendant decided to stop selling agricultural buildings, which plaintiff had been selling, and plaintiff then worked at defendant's Marengo, Illinois plant answering phones, working in the warehouse and performing some duties in plant operations from February to October, 2000. It was during this time period, in August 2000, that plaintiff had a conversation with his future supervisor and the decisionmaker in this case, Keelen. The two discussed plaintiff's future and direction with the company. Plaintiff was told that, because of his age, he was undesirable in the business world regardless of years of experience. ( LR 56.1 (b), ¶ 21)

Plaintiff continued to work in operations until October 2000 when he was asked by defendant to return to crop sales due to the sudden firing of another salesman in a territory with which plaintiff was familiar. There is a dispute between the parties as to whether this arrangement was communicated to plaintiff as being of a temporary nature, as well as whether plaintiff knew, or it was generally known at the Marengo plant that defendant was conducting interviews for a permanent replacement during November and December of 2000. The court accepts plaintiff's version of the facts for purposes of this motion. Defendant hired a 22-year-old salesman (Bloome) for the territory on January 8, 2001. Thereafter, plaintiff was sent back to operations. After a couple of subsequent meetings with Keelen regarding his position and possible job duties, plaintiff was discharged on January 19, and subsequently filed a complaint with the EEOC, which issued a right to sue letter.

The ADEA provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, condictions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). An employee may attempt to prove unlawful discrimination either by providing direct evidence of discriminatory intent, or by utilizing the McDonnell Douglas indirect, burden-shifting method of proof. See Fairchild v. Forma Scientific, Inc., 147 F.3d 567, 571 (7th Cir. 1998). Plaintiff has made arguments under both theories.

To determine whether there is direct evidence of discriminatory intent, where a decisionmaker has expressed discriminatory feelings, the court looks to whether the expression occurred "(1) around the time of, and (2) in reference to, the adverse employment action complained of." Hunt v. City of Markham, 219 F.3d 649, 652 (7th Cir. 2000); see Bahl v. Royal Indemnity Co., 115 F.3d 1283, 1293 (7th Cir. 1997). Here, the isolated statement by Keelen in August 2000 occurred over five months prior to plaintiff's termination and was not in reference to that termination. It was a stray remark. See Bahl, 115 F.3d at 1293. No other direct or circumstantial evidence of discriminatory intent is presented. The "record does not contain the proper quantum or quality of evidentiary proof" to support a finding of discrimination under the direct method. See Id.

To establish a prima facie case under the indirect method, plaintiff must show (1) he was a member of a protected class; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees not in the protected class were treated more favorably. Koski v. Standex Int'l Corp., 307 F.3d 672, 676 (7th Cir. 2002). Defendant concedes prongs one through three for purposes of the motion but disputes that similarly situated younger employees were treated more favorably. Plaintiff relies on defendant's hiring of Bloome for the crop sales position to show a similarly situated younger person received more favorable treatment. However, plaintiff has not met the burden of showing he and Bloome were similarly situated. Bloome had a bachelor's degree in agribusiness, had a background on a family farm, and had participated in an internship program with Growmark, Inc., defendant's parent company. Plaintiff did not have these qualifications. To be similarly situated to plaintiff the other employee must be directly comparable in every material respect. See Peele v. Country Mut. Ins. Co., 288 F.3d 319, 330 (7th Cir. 2002). Bloome's degree, family farm background and internship experience render him not similarly situated to plaintiff. See Biolchini v. General Electric Co., 167 F.3d 1151, 1154 (7th Cir. 1999); see also Radue v. Kimberly-Clark Corp., 219 F.3d 612, 618 (7th Cir. 2000). While plaintiff had crop sales experience Bloome lacked, an employer is not required to choose the most experienced candidate for a position. Plaintiff has failed to establish a prima facie case.

Even if the court were to consider the prima facie case met, plaintiff's claim would fail because defendant has offered a non-pretextual reason for plaintiff's termination. Plaintiff has not presented evidence that defendant did not believe Bloome was a preferable candidate for the sales position for reasons other than age. Pretext means "a dishonest explanation, rather than merely an error." Grayson v. O'Neill, 308 F.3d 808, 818 (7th Cir. 2002), cert. denied, __ U.S. __, 124 S.Ct. 155 (2003). Plaintiff does not present evidence that defendant's reasons for hiring Bloome or its professed unawareness Plaintiff wanted the position permanently was a lie.

For the foregoing reasons, defendant's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Charles P. Olson

v.

Northern FS, Inc.

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 50147

- [ ] Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- [x] Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

Michael W. Dobbins, Clerk of Court

Date: 12/9/2003

Susan M. Wessman, Deputy Clerk